UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANINE JANSMA, next friend
of T.J., *et al.*,

        Plaintiffs,

v.

GRAND RAPIDS POLICE
SGT. OSTOPOWITZ, *et al.*,

        Defendants.
_____/

Case No. 1:05-cv-489

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Defendants' Motion for Continuance of Trial Date and to Allow Filing of Summary Judgment Motion.

On June 8, 2007, the Court amended the Case Management Order and re-scheduled the two-week jury trial from July 16, 2007 to July 31, 2007. Defendants move this Court for a continuance of this action from the Court's July 31, 2007 trial calendar. Defendants request they be allowed to file a second motion for Summary Judgment based on the recent Supreme Court case, *L.A. County v. Rettele*, No. 06-605, 2007 U.S. LEXIS 5900 (May 21, 2007). Defendants also assert an essential witness, co-counsel, and other Defendants have scheduling conflicts with the new trial date. Plaintiffs oppose Defendants' Motion for Continuance on the ground that a second summary judgment motion is unnecessary as *Rettele* is inapplicable to Plaintiffs remaining claim of excessive force.

In *Rettele*, the Supreme Court held that the execution of a properly issued warrant was reasonable under the Fourth Amendment. The Court notes there is striking factual similarity between *Rettele* and the present action; namely in both cases the plaintiffs were ordered out of their

beds naked at gunpoint during the execution of a search warrant. In *Rettele*, the plaintiffs alleged defendants were unreasonable in the execution of the search warrant because plaintiffs were a different race than the suspects defendants sought. Therefore, plaintiffs argued, ordering them out of bed, naked, at gun point was unreasonable as defendants knew upon sight they were not the suspects. *Id*. at *2-3. The Supreme Court held, however, the officers actions were objectively reasonable to secure the premises and ensure their own safety. *Id*. at *7.

In the present action, Plaintiffs' claim under the Fourth Amendment for unreasonable search and seizure was dismissed in summary judgment. Plaintiffs' remaining federal claim asserts Defendants used excessive force in executing a search warrant and breaking Plaintiff Janine Jansma's wrist. Although it is true that excessive force claims are analyzed under the Fourth Amendment 'reasonable' standard, *Rettele* does not present any new issues which would justify allowing a second summary judgment motion or adjournment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (excessive force analyzed under the Fourth Amendment reasonable standard); *see also St John v. Hickey*, 411 F.3d 762, 771 (6th Cir. 2005) (same). The Court finds *Rettele* distinguishable from the case at hand. Unlike *Rettele*, Defendants had previously executed a search warrant on Plaintiffs' residence and were familiar with them. Further, there were no allegations of excessive force or any physical restraint in *Rettele*. In the present case, Plaintiffs excessive force claim relates not only to the conduct of the officers upon entering the bedroom but also Defendants' actions which allegedly caused Plaintiff's broken wrist. Therefore, the Court finds the *Rettele* decision does not present any new issues which justify a second summary judgment motion or an adjournment.

Defendants also request an adjournment based on scheduling conflicts. Defendants assert one essential witness and co-counsel have planned family vacation for the now scheduled trial dates which will take them out of the country. Additionally, other Defendants have scheduled family vacations for that time period as well. Having been advised of these circumstances, the Court finds that an adjournment is appropriate based on the scheduling conflicts.

**THEREFORE IT IS HEREBY ORDERED** that Defendants' Motion for Continuance of Trial Date and to Allow Filing of Summary Judgment Motion is **GRANTED IN PART AND DENIED IN PART** such that Defendants shall not be allowed to file a second motion for summary judgment but the trial shall be adjourned and an amended Case Management Order shall issue.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
June 28, 2007  Richard Alan Enslen
  Senior United States District Judge